# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **In re: ISIS C. CANO** )<br>)<br>*Debtor.* )<br>) | **Case No.: 22-41302-13** |
| )<br>**C.F.G. ASSOCIATES, L.L.C.** )<br>)<br>*Plaintiff,* )<br>**v.** )<br>)<br>**ISIS C. CANO** )<br>)<br>*Defendant.* ) | **Adv. Proc. No.** |

### C.F.G. ASSOCIATES, L.L.C.'S
### OBJECTION TO DISCHARGEABILITY OF CLAIMS STEMMING FROM DEBTOR'S CONVERSION OF INDUSTRIAL KITCHEN APPLIANCES AND FURNITURE AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE CFG'S STATE COURT CONVERSION CLAIMS AGAINST DEBTOR

**COMES NOW** Creditor/Plaintiff C.F.G. Associates, L.L.C. (hereinafter *"CFG"*), by and through counsel, and respectfully objects to Debtor Isis C. Cano's (hereinafter *"Debtor"*) dischargeability of claims relating to the Debtor's conversion of industrial kitchen appliances and furniture that Debtor unlawfully removed from the premises she was previously leasing from CFG, and requests the Court lift the automatic stay to allow CFG to pursue its conversion claims in state court against Debtor and that any judgment obtained against Debtor for Debtor's willful conversion be found to be non-dischargeable; and in support thereof states as follows:

### Parties, Jurisdiction, and Venue

1. CFG is a lessor of commercial real estate, who conducts its business in the State of Missouri with its home office in Gladstone, Missouri.

2. Debtor Isis C. Cano is an individual that leased from CFG the premises located at 9104 E. 35th Street, Independence, MO 64052 (hereinafter the *"Premises"*).

1

3. This is a core proceeding as defined by 28 U.S.C. 157, in that pursuant to Section 157(B)(2)(G), motions for relief from stay are core proceedings.

4. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

6. This Court has jurisdiction over any matter that impacts or touches upon the administration of the estate, including any matter that relates to or impacts the property Debtor removed from the Premises and did not report on her bankruptcy schedules.

### Allegations of Conversion

7. CFG restates the foregoing paragraphs as if more fully set out herein.

8. On or about February 23rd, 2017, Debtor entered into a Lease Agreement with CFG for the Premises (hereinafter "Lease").

9. At the time Debtor's lease commenced, the Premises contained various industrial kitchen appliances and furniture, including but not limited to tables, chairs, large refrigeration equipment, freezers, a cooktop grill, and ovens.

10. Pursuant to the Lease Agreement, Debtor agreed that all equipment and furniture existing on the Premises on March 1st, 2017, and any new equipment acquired through trade or sale of said equipment and furniture, is the property of CFG and shall remain on the Premises.

11. In contravention to the Lease Agreement, Debtor removed the industrial kitchen appliances and furniture after leaving the Premises and has not returned or otherwise compensated CFG for the same.

12. Debtor took possession of the industrial kitchen appliances and furniture with the intent to exercise control over it.

13. Defendant thereby deprived Plaintiff of the right to possess the industrial kitchen appliances and furniture.

14. As a direct and proximate result of Defendant's conversion of Plaintiff's furniture and equipment, Plaintiff has suffered actual, consequential, and special damages.

**Objection to Dischargeability and Request for Relief from the Automatic Stay**

15. Pursuant to 11 U.S.C. § 362(d), the Court may grant relief from the automatic stay if either (1) "cause" exists for granting relief or (2) the debtor has no equity in the property and the property is not necessary for an effective reorganization.

16. Pursuant to 11 U.S.C. § 523(a)(6), "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— for willful and malicious injury by the debtor to another entity or to the property of another entity."

17. Various exceptions to discharge set forth in Section 523 reflect the conclusion on the part of Congress that the creditors' interest in recovering full payment of the debts in these categories outweighs the debtors' interest in a complete fresh start. *See Cohen v. de la Cruz*, 523 U.S. 213 (1998).

18. Good cause exists to deny discharge and grant relief from the automatic stay herein in that:

   a. Debtor intentionally removed the industrial kitchen appliances and furniture from the Premises with the intent to exercise control and thereby deprive CFG of its right of possession of the same;

   b. Debtor has failed to report the industrial kitchen appliances and furniture in her schedules;

    c. Debtor has failed to return the industrial kitchen appliances and furniture and failed to identify the location of said property; and

    d. As a result of Debtor's removal or and failure to return the industrial kitchen appliances and furniture, CFG estimates that it has suffered approximately $15,000.00 in damages.

19. The Court may grant relief from the automatic stay to allow a party to pursue a tort claim in state court on the condition that dischargeability be reserved to the bankruptcy court. In *Matter of Catron*, 15 B.R. 408 (Bankr. W.D. Mo. 1981), the plaintiffs sought relief from the automatic stay in order to prosecute state court claims in a personal injury matter. In its decision authored by the Honorable Dennis J. Stewart, the Court held that "plaintiffs' complaint for relief from the automatic stay be…granted on condition that the dischargeability of any judgment obtained by plaintiffs…be reserved to the bankruptcy court." *Id.* at 411.[1]

20. CFG is in need of the Court's Orders lifting the automatic stay to allow CFG to continue pursuing its state court action for conversion.

21. CFG's interests will be irreparably harmed by Debtor's discharge and/or the continuation of the automatic stay.

22. CFG will be prejudiced if the stay is permitted to continue.

23. Lifting the stay will not be prejudicial to Debtor because CFG is only requesting the stay be lifted as to the industrial kitchen appliances and furniture that Debtor claims are not in her possession. Further Debtor has not asserted that such property is necessary for an effective reorganization. Further still, Debtor will have the opportunity to confront and defend against

---

[1] A copy of the *Catron* decision is attached hereto for the Court's convenience.

CFG's allegations regarding conversion of the industrial kitchen appliances and furniture in state court.

24. Justice and Equity require the Court to grant relief from the stay and allow CFG to pursue its state court claims to recover the industrial kitchen appliances and furniture.

**WHEREFORE,** CFG prays for the Court enter its Orders denying the dischargeability of claims related to Debtor's conversion of the industrial kitchen appliances and furniture Debtor removed from the Premises and granting relief from the automatic stay with respect to allow CFG to pursue its conversion claims against Debtor in state court; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KESSINGER LAW FIRM, P.C.**

By  */s/ George H. Flanders*
James A. Kessinger  #42808
Luke A. Demaree  #54056
George H. Flanders  #68070
200 NW Englewood Road, Suite B
Kansas City, Missouri 64118
Telephone: (816) 436-0707
Telecopier: (816) 436-1380
jak4law@kc.rr.com
lad4law@kc.rr.com
ghflanders@kessingerlaw.net
*Attorneys for Creditor*
*C.F.G. Associates, L.L.C.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was filed electronically with the Bankruptcy Court of the Western District of Missouri using the ECF system, with notice of case activity to be generated and sent electronically by the ECF system to all designated persons on this 17th day of January 2023.

*/s/ George H. Flanders*
*Attorney for Creditor*
*C.F.G. Associates, L.L.C.*